IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES BARKSDALE,

        Petitioner,

v.         No. 12 C 554

DIRECTOR OF RUSHVILLE
TREATMENT AND DETENTION
FACILITY,

        Respondent.

## **OPINION AND ORDER**

In 1958 James Barksdale was convicted on two counts of rape, one count of robbery, and one count of assault. *See* **People v. Barksdale**, 44 Ill. App. 3d 770, 358 N.E.2d 1150, 1157 (1st Dist. 1976) ("***Barksdale 1976***"). In 1971, Barksdale again committed rape and was subsequently convicted of rape, aggravated kidnapping, and deviate sexual assault. He was sentenced to concurrent terms of incarceration of 50 to 100 years, 50 to 100 years, and 10 to 14 years. *See* **People v. Barksdale**, 24 Ill. App. 3d 489, 321 N.E.2d 489 (1st Dist. 1974). Before he was arrested for the 1971 incident, Barksdale committed another

rape in March 1972. As to that incident, he was convicted of rape and deviate sexual assault. Following an appeal, he was sentenced to concurrent terms of incarceration of 75 to 150 years and 10 to 14 years. *See* ***Barksdale 1976***, *supra*. Related petitions for state post-conviction relief and federal habeas corpus relief, including challenges to denials of parole, have been denied. *See, e.g.*, ***People v. Barksdale***, 327 Ill. App. 3d 422, 762 N.E.2d 669 (1st Dist. 2001); ***Barksdale v. Lane***, 957 F.2d 379 (7th Cir. 1992); ***Barksdale v. McGinnis***, 986 F.2d 1424 (7th Cir. 1993) (unpublished order available on Westlaw). Barksdale was continuously incarcerated from 1972 until 2006.

In February 2006, following his twenty-first parole hearing, Barksdale was granted parole and his release date was set for March 2006. Apparently prior to his actual release into the community, the State filed a petition to commit Barksdale as a sexually violent person ("SVP"). A probable cause hearing was held and it was determined that probable cause existed to detain Barksdale pending a hearing on the SVP petition. Since 2006, Barksdale has been in the custody of the Department of Human Services ("DHS"). Although a trial on the SVP petition is to be conducted within 120 days of the probable cause

determination, the parties repeatedly agreed to continuances. The trial did not occur until 2011.

In 2009, Barksdale filed a second state habeas corpus petition in Cook County Circuit Court,[1] challenging his detention based on an SVP proceeding. Illinois's habeas corpus procedure is narrow, providing only limited grounds for relief. *See* 735 ILCS 5/10-124; *see also id.* 5/10-123. In August 2010, the Illinois Circuit Court denied the habeas petition and the denial was affirmed on appeal. *See **Barksdale v. Sadler**,* 2011 ILL App (1st) 102538-U (Sept. 9, 2011) ("***Sadler***"), *leave to appeal denied*, 962 N.E.2d 480 (Ill. Nov. 30, 2011).[2] It was held that no claim of lack of jurisdiction was raised, *see* 735 ILCS 5/10-124(1), and no other basis for relief cognizable under the habeas statute was alleged. The case was remanded for a prompt SVP trial. On November 17, 2011, following a jury trial, Barksdale was found to be an SVP and was ordered committed to DHS until such

---

[1]Barksdale represents that the first habeas petition he filed in Cook County Circuit Court raised the same issues, as did a prior habeas corpus petition that was filed in the Circuit Court of Will County. Since all three petitions are alleged to raise the same issues and the second Cook County petition is the only petition that was appealed all the way to the Illinois Supreme Court, the second Cook County petition is the only one that will be considered.

[2]The decision of the Illinois Appellate Court is Exhibit A of respondent's Index of Exhibits and Exhibit C is the trial court decision.

time that he was no longer an SVP. As of respondent's April 13, 2012 filing, Barksdale had filed both a notice of appeal and postjudgment motions in the SVP proceeding.

On January 25, 2012, Barksdale file his present federal habeas corpus petition. Although he denominates his petition as containing two grounds for relief, his stated grounds for relief include the following, all of which he contends are violations of the United States Constitution: (1) the state criminal statutes under which he was convicted for his 1971 and 1972 conduct did not permit subsequent detention under the SVP statute, particularly because no SVP petition was filed until after he was granted parole; (2) state witnesses provided fraudulent testimony supporting both the SVP petition itself and the state's case at trial; (3) the five-year delay in holding a trial violated his right to a speedy trial, including interfering with his ability to defend himself; (4) during the time of the trial, documents were taken from him while he was held at Cook County Jail, interfering with his access to court; and (5) during the trial, he was denied the right to call 13 witnesses.

Respondent moves to dismiss the petition without prejudice on the ground that some or all of the claims are unexhausted because the appeal of the

SVP trial is pending. In his answer to the motion--which he presents as a motion to deny respondent's motion--Barksdale contends there is no exhaustion issue because he filed a state habeas petition and appealed it to the Illinois Supreme Court.

Clearly, grounds 4 and 5 and the aspect of ground 2 that pertains to trial testimony were not raised in the state habeas proceeding because the state habeas proceeding was concluded prior to the SVP trial. To the extent the speedy trial claim relies on time that ran beyond the 2010 Circuit Court ruling on the state habeas petition, it could not have been raised in the habeas proceeding. In his state habeas petition, as noted in the Appellate Court ruling, Barksdale did raise the issue that fabricated evidence was used to support the petition. *Sadler*, ¶¶ 19, 25. He also complained of the delay in holding the SVP probable cause hearing. *Id.* ¶¶ 20, 25. The Appellate Court held that none of the grounds raised by Barksdale were of the type that could be raised in a state habeas corpus proceeding. *Id.* ¶ 44. It was further held that the state habeas corpus statute cannot be used to challenge an SVP proceeding. *Id.* ¶ 45. To the extent grounds raised in the federal habeas petition were also raised in the state habeas proceeding, that submission did not constitute state court exhaustion of those

issues because the state habeas proceeding was not a proper proceeding to raise the issues in state court.

In the still pending posttrial and/or appellate proceedings in his SVP case, Barksdale can raise the grounds presently stated in his federal habeas corpus petition. The federal petition will be dismissed without prejudice to timely raising non-defaulted claims after he has completed posttrial and appellate proceedings in his SVP case. *See* 28 U.S.C. § 2254(b)(1); **Morales v. Johnson**, 659 F.3d 588, 596 (7th Cir. 2011); **Hamilton v. Meisner**, 841 F. Supp. 2d 1064, 1069 (E.D. Wis. 2012).

There being no arguable basis that Barksdale has exhausted his state court remedies, a certificate of appealability will not issue.

IT IS THEREFORE ORDERED that petitioner's motion to deny motion [18] is denied. Respondent's motion to dismiss [13] is granted. A certificate of appealability will not issue. The Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner dismissing the petition for writ of habeas corpus without prejudice for failure to exhaust state court remedies. If petitioner wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court,

United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case. A notice of appeal should be accompanied by a request for a certificate of appealability from the Court of Appeals.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 23, 2012