IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BARKSDALE, | ) |
| Petitioner, | ) |
| v. | ) No. 12 C 554 |
| DIRECTOR OF RUSHVILLE TREATMENT AND DETENTION FACILITY, | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

In 1958 James Barksdale was convicted on two counts of rape, one count of robbery, and one count of assault. *See* **People v. Barksdale**, 44 Ill. App. 3d 770, 358 N.E.2d 1150, 1157 (1st Dist. 1976) ("***Barksdale 1976***"). In 1971, Barksdale again committed rape and was subsequently convicted of rape, aggravated kidnaping, and deviate sexual assault. He was sentenced to concurrent terms of incarceration of 50 to 100 years, 50 to 100 years, and 10 to 14 years. *See* **People v. Barksdale**, 24 Ill. App. 3d 489, 321 N.E.2d 489 (1st Dist. 1974). Before he was arrested for the 1971 incident, Barksdale committed another rape in March 1972. As to that incident, he was convicted of rape and deviate sexual

assault.  Following an appeal, he was sentenced to concurrent terms of incarceration of 75 to 150 years and 10 to 14 years.  See **Barksdale 1976**, *supra*.  Related petitions for state post-conviction relief and federal habeas corpus relief, including challenges to denials of parole, have been denied.  *See, e.g.*, **People v. Barksdale**, 327 Ill. App. 3d 422, 762 N.E.2d 669 (1st Dist. 2001); **Barksdale v. Lane**, 957 F.2d 379 (7th Cir. 1992); **Barksdale v. McGinnis**, 986 F.2d 1424 (7th Cir. 1993) (unpublished order available on Westlaw).  Barksdale was continuously incarcerated from 1972 until 2006.

In February 2006, following his twenty-first parole hearing, Barksdale was granted parole and his release date was set for March 2006.  Prior to his actual release into the community, the State filed a petition to commit Barksdale as a sexually violent person ("SVP").  A probable cause hearing was held and it was determined that probable cause existed to detain Barksdale pending a hearing on the SVP petition.  Since 2006, Barksdale has been in the custody of the Department of Human Services ("DHS").  Although a trial on the SVP petition is to be conducted within 120 days of the probable cause determination, the parties repeatedly agreed to continuances.  The trial did not occur until 2011.

In 2009, Barksdale filed a second state habeas corpus petition in Cook County Circuit Court, challenging his detention based on an SVP proceeding. Illinois's habeas corpus procedure is narrow, providing only limited grounds for relief. *See* 735 ILCS 5/10-124; *see also id.* 5/10-123. In August 2010, the Illinois Circuit Court denied the habeas petition and the denial was affirmed on appeal. *See* **Barksdale v. Sadler**, 2011 ILL App (1st) 102538-U (Sept. 9, 2011) ("**Sadler**"), *leave to appeal denied*, 962 N.E.2d 480 (Ill. Nov. 30, 2011). It was held that no claim of lack of jurisdiction was raised, *see* 735 ILCS 5/10-124(1), and no other basis for relief cognizable under the habeas statute was alleged. The case was remanded for a prompt SVP trial. On November 17, 2011, following a jury trial, Barksdale was found to be an SVP and was ordered committed to DHS until such time that he was no longer an SVP.

In January 2012, Barksdale filed a federal habeas corpus petition. In August 2012, the petition was dismissed without prejudice for failure to exhaust since proceedings were still pending in state court. **Barksdale v. Dir. of Rushville Treatment & Detention Facility**, 2012 WL 3717757 (N.D. Ill. Aug. 23, 2012). Having completed his appeal to the Illinois Appellate Court and being denied leave to appeal by the Illinois Supreme Court, *see* **In re Commitment of**

*Barksdale*, 2014 IL App (1st) 131630-U, 2014 WL 7466316 (Dec. 31, 2014), *appeal denied*, 32 N.E.3d 673 (Ill. 2015), Barksdale moves to reopen his federal habeas corpus petition.

The one issue that the Illinois Appellate Court[1] found to be properly before it was the contention that Barksdale's "commitment violates his substantive due process rights, because the commitment resulted in his continued incarceration, despite the fact that he was paroled in 2006." *Id.* ¶ 18. The Supreme Court has held that due process requires that statutes civilly committing sexually violent persons must provide for conditions and duration of confinement that bear some reasonable relation to the purpose for which persons are committed. ***Seling v. Young***, 531 U.S. 250, 265 (2001). There must be a finding of dangerousness based on prior acts of violence indicating a likeliness of future such acts coupled with proof of some additional factor such as mental illness or mental abnormality. ***Kansas v. Hendricks***, 521 U.S. 346, 357-58 (1997). Illinois's SVP statute has previously been upheld against constitutional challenges in this Circuit. *See* ***Varner v. Monohan***, 460 F.3d 861 (7th Cir. 2006); ***U.S. ex rel. Tittelbach v.***

---

[1] For present purposes, it will be assumed that the issues raised in the Illinois Appellate Court were also raised in the petition for leave to appeal to the Illinois Supreme Court.

*Budz*, 2006 WL 2548167 *5-7 (N.D. Ill. Aug. 31, 2006); *U.S. ex rel. Simmons v. Scott*, 2014 WL 3906774 (N.D. Ill. Aug. 6, 2014); *Walker v. Phillips*, 2008 WL 5111234 (C.D. Ill. Dec. 3, 2008). Barksdale does not raise a meritorious substantive due process claim.

Before the Illinois Appellate Court, Barksdale also contended that the commitment proceeding was filed without jurisdiction or legal authority. Presumably, this is the same contention he makes here that he could not be confined under the SVP statute for a 1971 and 1972 conviction for which he had been granted parole. The Illinois Appellate Court found this claim was not adequately preserved and therefore waived. Alternatively, it held that statutory requirements were satisfied and therefore there was proper authority. A civil commitment under the SVP statute following a criminal sentence is distinct from the criminal proceeding and may follow a sentence for a crime that occurred prior to the existence of the SVP statute. To the extent this claim is not waived, it states no sufficient basis for relief.

No cognizable issue has been raised that has not previously been addressed. The habeas corpus petition will be denied. No certificate of appealability will issue.

IT IS THEREFORE ORDERED that petitioner's motion to reconsider dismissal [35] is granted in part and denied in part. The judgment dated August 23, 2012 is vacated. The Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner denying the petition for writ of habeas corpus. A certificate of appealability will not issue. If petitioner wishes to seek reconsideration of today's ruling before this court, he must file a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) within 28 days of the entry of today's judgment. No extensions of that time period are permitted, Fed. R. Civ. P. 6(b)(2). Alternatively, if petitioner wishes to now appeal today's ruling to the Court of Appeals, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor,

Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case. A Notice of Appeal should be accompanied by a request for a certificate of appealability from the Court of Appeals.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 13, 2015